The plaintiff (tenant) entered into a one-year lease agreement with the defendant (landlord) and paid a $1,600 security deposit. Within thirty days after the tenant vacated the property, the landlord sent him a letter with an itemized list of alleged damages to the property. Because the amount of the alleged damages exceeded $1,600, the landlord did not return any portion of the security deposit to the tenant.
The tenant then filed suit under the Massachusetts security deposit statute, G. L. c. 186, § 15B, claiming that he was entitled to the return of his deposit, treble damages, and attorney's fees because the landlord did not sign her letter "under pains and penalties of perjury" as required by G. L. c. 186, § 15B(4)(iii), second sentence. The landlord counterclaimed for $3,910 in damages. On the tenant's motion for summary judgment, the judge concluded that, because the letter was not sworn to under pains and penalties of perjury, the landlord forfeited her right to retain the deposit and her right to bring counterclaims and was liable to the tenant for treble damages and attorney's fees. The judge thus ordered the dismissal of the landlord's counterclaims without prejudice and entry of judgment for the tenant in the amount of $4,800 plus attorney's fees, interest, and costs. The landlord appealed.
After briefing but before oral argument in this appeal, the Supreme Judicial Court decided Phillips v. Equity Residential Mgmt., L.L.C., 478 Mass. 251 (2017). As the parties agree, Phillips controls the issues before us. Specifically, under Phillips, the defect in the landlord's letter resulted in forfeiture of her rights to retain the security deposit and to bring counterclaims, see ibr.US_Case_Law.Schema.Case_Body:v1">id. at 256, 258 n.16, but did not give rise to liability for treble damages and attorney's fees, see id. at 258, 261.
Accordingly, so much of the judgment dismissing the landlord's counterclaims is affirmed. So much of the judgment that awards the tenant treble damages and attorney's fees is vacated, and the matter is remanded for recalculation of the tenant's damages plus any applicable interest and costs.
So ordered.
Affirmed in part; vacated in part.